# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VALERIE JACKSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 17-cv-05915 |
| v. ) | |
| ) | |
| NATIONWIDE CREDIT & COLLECTION, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Valerie Jackson brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq*. ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury as a result of Defendant's invasion of her privacy in connection with the attempt to collect a debt.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Valerie Jackson ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted medical account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

7. Defendant Nationwide Credit & Collection, Inc. ("Nationwide"), is an Illinois Corporation with its registered agent located at 223 W Jackson Blvd., Suite 512, Chicago, Illinois 60606. It does or transacts business in Illinois. (Exhibit A, Record from the Illinois Secretary of State).

8. Nationwide is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts due, or asserted to be due, another.

9. Thus, Nationwide is a debt collector as that term is defined at § 1692 of the FDCPA.

10. Nationwide is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for visits to Cook County Health ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debts for medical services went into default.

13. Nationwide subsequently began collecting on the Cook County Health medical account associated with Plaintiff's Record ID.

14. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on April 26, 2016, sent a letter to Nationwide indicating that Plaintiff disputed the Cook County Health account and that all future communications regarding her record, identified by number 1000091205, should go to her attorney. (Exhibit C, Dispute Letter).

15. Nationwide received Plaintiff's dispute on April 26, 2016.

16. On or about August 12, 2016, Nationwide mailed Plaintiff a collection letter ("Collection Letter"). (Exhibit D, Collection Letter).

17. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

18. The letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

19. The Letter indicated it was attempting to collect for several dates of service associated with Plaintiff's Record ID.

20. Plaintiff was upset because she had been informed by her attorneys that she would no longer be contacted about the alleged Cook County Health account since she was represented by an attorney.

21. Plaintiff was worried that she would continue to have to deal with Defendant on her own and felt nervousness, and feelings of hopelessness that Defendant would never stop contacting her, even after she sought the assistance of an attorney.

22. On August 12, 2016, Defendant knew that Plaintiff was represented by counsel because Defendant received notice on April 26, 2016 stating that Plaintiff had acquired legal representation.

23. 15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

> **(a) Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> **. . . (2) <u>if the debt collector knows the consumer is represented by an attorney with respect to such debt</u> and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .**

(emphasis added)

24. Defendant communicated information regarding an alleged debt directly to a consumer, in violation of 15 U.S.C. § 1692c(a)(2), when it did so while knowing the consumer was represented by an attorney.

25. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

> **. . . (34) Communicating or threatening to communicate with a debtor when the collection agency is informed in writing by an attorney that the attorney represents the debtor concerning the debt. . . .**

26. Defendant communicated with a debtor in violation of 225 ILCS 425/9 of the ICAA, when it did so after being informed in writing by an attorney that Plaintiff was represented by an attorney concerning the alleged debt.

27. Defendant's communications caused Plaintiff to experience negative emotions, including annoyance, aggravation, and other garden variety emotional distress.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

30. Defendant Nationwide communicated information regarding an alleged debt directly to a consumer, in violation of 15 U.S.C. § 1692c(a)(2), when it did so while knowing the consumer was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendants as follows:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   D. Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

31. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

32. Defendant communicated with a debtor in violation of 225 ILCS 425/9 of the ICAA, when it did so after being informed in writing by an attorney that Plaintiff was represented by an attorney concerning the alleged debt.

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor against Defendant as follows:

    A.    Compensatory and punitive damages;

    B.    Costs; and

    C.    Such other or further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah M. Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com
hmccurdy@communitylawyersgroup.com
sbarnes@communitylawyersgroup.com