IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALERIE JACKSON, | ) |
| Plaintiff, | ) ) Case No. 1:17-CV-05915 |
| | ) |
| v. | ) Judge: Charles R. Norgle, Sr. |
| | ) |
| NATIONWIDE CREDIT & COLLECTION, INC., | ) Magistrate Judge: Sheila Finnegan ) ) |
| Defendant. | ) ) |

**MOTION FOR FEES UNDER RULE 26 AND RULE 37**

Defendant, Nationwide Credit & Collection, Inc. (hereinafter "Nationwide"), by and through its attorneys, David M. Schultz and Brandon S. Stein, respectfully moves this court pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, and the Court's inherent authority, for an order awarding Nationwide its attorney's fees associated with the bringing of its Motion to Compel (Dkt. #41) as a sanction. In support thereof, Nationwide hereby states as follows:

**INTRODUCTION & BACKGROUND**

1. This is a case about the scope of attorney representation. On February 16, 2018, Defendant served its discovery requests on Plaintiff. Plaintiff responded on April 20, 2018. Plaintiff objected to a request for the production of documents seeking Plaintiff's retainer agreement with her Counsel. Ex. A. Plaintiff made no mention of there being no responsive documents. Ex. A (Page 5); Dkt. #41, P. 3.[1]

2. The parties conducted a Rule 37 conference on April 23, 2018. Plaintiff's Counsel stated that she would be standing on her objection to the production of the agreement. She made no mention of there being no retainer agreement to produce. On May 2, 2018, Nationwide filed a Motion to

---

[1] Defendant further had no reason to believe the document did not exist, as the Rules of Professional Conduct require a written retainer agreement between a lawyer and their client. *See* ABA Model Rules of Professional Conduct Rule 1.5; *See also Hobbesland v. Hobbesland*, 72 N.Y.S.3d 516, 57 Misc. 3d 1221 (A), *14 (2017).

Compel Plaintiff's retainer agreement. Dkt. #41. Defendant did not ask for its fees in bringing the Motion to Compel. Dkt. #41.

3. The parties appeared before the Court on Defendant's Motion on May 4, 2018. Plaintiff opposed the Motion. Plaintiff never stated that there was no retainer agreement. The Court granted that motion on May 4, 2018 and ordered that Plaintiff produce the retainer agreement before Plaintiff's deposition, which was scheduled for May 18, 2018. Dkt. #43.

4. Defense Counsel on May 9, 2018 asked when Plaintiff anticipated providing the retainer agreement to Defendant so that Defendant could prepare questions for Plaintiff's deposition. Plaintiff responded, stating only that it would be produced "before the deposition." Defense Counsel followed up on May 14, 2018, and Plaintiff's Counsel again reiterated the same response. On May 16, 2018, two days before Plaintiff's deposition, Defendant asked Plaintiff when "before the deposition was," and requested that Plaintiff provide Defendant with a reasonable amount of time to examine the document and prepare questions prior to Plaintiff's deposition. Plaintiff did not respond until she produced the document <u>just two hours prior to her deposition</u>. Plaintiff never mentioned that there was no document to produce during any of that correspondence.

5. Plaintiff was questioned about the retainer agreement at her deposition. The retainer agreement as produced was signed and initialed by Plaintiff, but had no date. Ex. B. When asked about that, Plaintiff testified as follows:

> Q. Have you ever seen that before? [referring to the retainer agreement]
> A. Yes.
> Q. When?
> A. In the past weeks, I believe.
> Q. In the past couple of weeks?
> A. Yeah.
> Q. That was the first time you saw it?
> A. Yes, uh-huh.
> Q. When did you initial it and sign it?
> A. Last week.

Ex. C.

301934348V1 1001489

6.  In other words, Plaintiff and her Counsel created the agreement only after: (a) an objection was lodged to its production, (b) they failed to say the document did not exist, (c) they conducted a Rule 37 conference over the document, and (d) the Court ordered Plaintiff to produce a document that apparently did not exist. Plaintiff had numerous opportunities to tell Defendant that no agreement existed during Defendant's discovery pursuit of it over the course of almost 3 months. Had Defendant's Counsel been apprised of this, it would not have wasted its time, its client's resources, or the court's time and resources associated with seeking a document that did not exist.

## ATTEMPTS TO RESOLVE OUT OF COURT

7.  Defendant brought this issue to Plaintiff's Counsel's attention the very next business day following Plaintiff's deposition. Defendant asked Plaintiff if she would be amenable to resolving this issue without the need for a Motion. Plaintiff stated that her objection to the production of the document which did not exist was made in good faith.

## ARGUMENT

8.  Nationwide would not have incurred attorneys' fees and burdened the court with a motion to compel a document that did not exist had it known the same. But it had to because Plaintiff repeatedly failed to disclose that the document sought did not exist. Plaintiff created a document after objecting to its production, engaging in a Rule 37 conference, forcing Defendant to file a motion, participating in a hearing on that motion, and during Defendant's requests pursuant to the court's order ordering her to produce it. That course of action is improper and violates Rules 26 and 37. Nationwide should be awarded its attorneys' fees for its counsel's work associated with obtaining the retainer agreement because it would never have been in this position had Plaintiff been forthcoming in her written discovery responses, in correspondence with Counsel, and to the Court.

9.  Fed. R. Civ. P. 26(g)(1)(A) & (B)(i) & (ii) requires that a discovery response or objection be signed by counsel, and that such signature represents that to the best of the signer's knowledge, information, and belief after a reasonable inquiry, the response or objection to discovery is

301934348V1 1001489

consistent with the rules and not interposed for an improper purpose. Fed. R. Civ. P. 11(b)(3) requires that factual contentions have evidentiary support. Fed. R. Civ. P. 26(g)(3) provides that if a certification violates Rule 26 without substantial justification the court "must" impose an appropriate sanction, which includes attorneys' fees.

10. Plaintiff's Counsel violated Rule 26g. Ms. Chatman signed a discovery response objecting to a document that did not exist. The proper response was to lodge that objection but then state that Plaintiff has no documents responsive to the request. *See* Fed. R. Civ. P. 34(b)(2)(C). Plaintiff's Counsel were obviously aware of the fact that the document did not exist because it was *their* retainer agreement with *their* client. Had Plaintiff's Counsel prepared that proper response and been forthcoming about the fact that the document did not exist, or mentioned it during the discovery endeavor, Nationwide obviously would not have filed a Motion to Compel. Rather, Nationwide incurred attorneys' fees in seeking the document from Plaintiff through Rule 37 practice and later a motion. There was no justification for their actions, let alone substantial justification. The Court "must" impose an appropriate sanction, which Nationwide submits to be at least the attorneys' fees and costs it incurred in seeking to obtain Plaintiff's retainer agreement from Plaintiff and through the Court.

11. Fed. R. Civ. P. 37(c)(1)(A) provides that if a party fails to provide information under Fed. R. Civ. P. 26(e), the court may order payment of reasonable expenses, including attorney's fees, caused by the failure, as a sanction. Fed. R. Civ. P. 26(e)(1)(A) addresses a party's obligation to supplement a response to a request for production in a timely manner when the party learns that it is incomplete or incorrect and if the corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

12. Plaintiff's Counsel violated Rule 37(c) for the same reasons as Rule 26g. At a minimum, Plaintiff's Counsel was under an obligation to supplement their response to include that there were no responsive documents to the request because the retainer agreement did not exist during the

301934348V1 1001489

course of the discovery endeavor. They knew that the response was incorrect all along but never supplemented it or made it known during the Rule 37 process, once a motion was filed, before the Court, or during Defendant's attempts to obtain the agreement prior to Plaintiff's deposition. The Court should sanction Plaintiff's Counsel.[2]

## **CONCLUSION**

WHEREFORE, Defendant Nationwide Credit & Collection, Inc. respectfully requests that this Honorable Court enter an order sanctioning Plaintiff's Counsel under Rules 26 and 37, and the court's inherent authority, the form of such sanction being an order to pay Nationwide its attorneys' fees and costs associated with Defendant's seeking of Plaintiff's retainer agreement. That amount is $1,485.00.[3] Nationwide requests an additional amount of 1,102.50 for the attempts to work this issue out without the court's intervention and the bringing of this motion, or for a total amount of $2,587.50. Defendant also requests that the Court grant any additional sanction and any such further relief in Defendant's favor as this Court deems just, necessary, or proper.

NATIONWIDE CREDIT & COLLECTION, INC.

By: /s/ Brandon S. Stein
One of the defendant's attorneys
David M. Schultz
Brandon S. Stein
HINSHAW & CULBERTSON LLP
151 N Franklin St, Suite 2500
Chicago, IL 60606
312-704-3000

---

[2] The Court also has authority to, and should sanction Plaintiff's Counsel under its inherent authority to sanction a litigant who fails to abide by discovery obligations or abuses the discovery process. *Reddick v. Bloomingdale Police Officers*, 2003 U.S. Dist. LEXIS 5054, *26 (N.D. Ill. March 28, 2003); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, n.9 (7th Cir. 1994).

[3] See Ex. D for a summary of the time entries being sought.

## CERTIFICATE OF SERVICE

    I, an attorney, hereby certify that on June 4, 2018, I caused to be electronically filed Defendant's MOTION FOR SANCTIONS UNDER RULE 26 AND RULE 37 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Brandon S. Stein*
Brandon S. Stein

301934348V1 1001489