# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALERIE JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONWIDE CREDIT & COLLECTION, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:17-CV-05915 <br><br> Judge: Charles R. Norgle, Sr. <br><br> Magistrate Judge: Sheila Finnegan |

## DECLARATION OF BRANDON S. STEIN

I, Brandon S. Stein declare under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

1. I am a 2015 graduate of the University of Wisconsin Law School. I am an associate attorney at the law firm of Hinshaw & Culbertson, LLP. I have been licensed to practice law in Wisconsin since June of 2015, and in Illinois since November of 2015. I am also licensed in the federal district courts of the Northern District of Illinois, the Eastern District of Wisconsin, the Northern District of Indiana, and the Southern District of Indiana. I have also been admitted *pro hac vice* in the Western District of Texas, and the Southern District of California.

2. My hourly rate in this matter is $225/hour.

3. I submit this Declaration seeking a total of $2,587.50 in reasonable attorneys' fees from Plaintiff and her lawyers at Community Lawyer's Group, Ltd.

4. The reasonable attorneys' fees requested represent time spent engaging in Rule 37 correspondence and practice with Plaintiff's Counsel, preparing a Motion to Compel, preparing for and attending the hearing on that motion, making efforts to secure the production of the

ordered material, for the attempts to resolve this issue out of court, and for the bringing of the Motion for Fees Pursuant to Rules 26 and 37. Dkt. # 46.

5. My time is summarized as follows: [1]

- 0.2 hours for conducting review and analysis of cases involving discovery into a retainer agreement in an FDCPA case.
- 0.2 hours for drafting portion of Rule 37 letter addressing deficient document request responses (reduced from 0.6 to reflect only the retainer agreement issue).
- 0.1 hours for reviewing and revising the Rule 37 letter prior to sending it to Plaintiff's Counsel (reduced from 0.3 to reflect only the retainer agreement issue).
- 0.1 hours for preparing correspondence to Plaintiff's Counsel regarding the Rule 37 letter and seeking to meet and confer (reduced from 0.2 to reflect only the retainer agreement issue).
- 0.2 hours for engaging in a meet and confer conference with Plaintiff's Counsel regarding the objections to the retainer agreement.
- 0.4 hours for drafting the introductory portion of the motion to compel.
- 0.3 hours for drafting the introduction to the argument on plaintiff's relevance and proportionality objections.
- 0.9 hours for drafting the argument section of the motion to compel addressing relevance.
- 0.9 hours for drafting the argument section of the motion to compel addressing proportionality.
- 0.4 hours for preparing an oral argument to make on the motion to compel before Judge Norgle.
- 0.4 hours for conducting a review and analysis of the law on attorney client privilege applied to retainer agreements should Plaintiff raise such an objection.
- 0.2 hours for preparing a brief argument on the issue of the attorney-client privilege should that come up at the hearing.
- 1.3 hours for attending the hearing on the motion to compel.
- 0.1 hours for preparing correspondence to Plaintiff's Counsel asking when the retainer agreement would be produced.
- 0.1 hours for preparing detailed correspondence outlining Plaintiff's lack of cooperation in producing the retainer agreement and again requesting its production.
- 0.3 hours for reviewing the retainer agreement provided by Plaintiff.
- 0.3 hours for reviewing the affidavit produced along with the retainer agreement by Plaintiff.
- 0.3 hours for drafting portion of deposition outline of Plaintiff addressing the retainer agreement and affidavit.

---

[1] Counsel have reduced the amounts sought to reflect time spent only on the issue it sought the Court's intervention on that and have indicated that.

- 0.6 hours for analysis of federal rules of civil procedure provisions, including Rules 26 and 37, and other authorities that could allow for an attorneys' fees recovery for plaintiff making us compel a document that did not exist.
- 0.5 hours for preparing detailed correspondence to Plaintiff's Counsel regarding the retainer agreement issue, our intentions, and seeking to resolve it out of court.
- 0.2 hours for contacting and speaking with Court reporter to confirm Plaintiff's testimony regarding the retainer agreement.
- 0.1 hours for again seeking to resolve the attorneys' fees issue with Plaintiff without court intervention.
- 0.3 hours for outlining the structure and arguments for the motion for sanctions/fees.
- 0.2 hours for reviewing relevant communications between counsel and the procedural timeline with the court for the purposes of laying that out in the motion for sanctions/fees.
- 0.6 hours for drafting the introduction and background section of motion for sanctions/fees that lays out the background and timeline of the discovery issue.
- 0.2 hours for drafting the argument section that lays out the Rule 26 standard.
- 0.2 hours for drafting the argument section that lays out the Rule 37 standard.
- 0.3 hours for drafting the argument section that explains why what was done was sanctionable under Rules 26 and 37.
- 0.2 hours for gathering and analyzing authorities addressing the court's inherent authority to sanction a litigant for discovery misconduct and supplement the motion to make that argument.
- 0.1 hours for gathering and analyzing the rules of professional conduct regarding the requirement of a retainer agreement between a lawyer and client.
- 0.1 hours for adding portion of the motion for sanctions/fees that explains that we had no reason to believe the retainer agreement did not exist because of the rules of professional conduct requiring its formation.
- 0.3 hours for drafting declaration setting forth the background of the attorney seeking fees and the fees being sought.
- 0.3 hours for reviewing and revising the introduction and background section of the motion for sanctions/fees.
- 0.2 hours for review and revising the argument section of the motion for sanctions/fees.
- 0.2 hours for reviewing the relevant portion of the deposition transcript and supplementing the motion for sanctions/fees with the relevant testimony.
- 0.3 hours for finalizing motion for sanctions/fees and declaration prior to filing.[2]

6. The total time being sought on seeking to obtain the retainer agreement issue is 6.6 hours at $225 per hour for a total of $1,485.00. The total time being sought for bringing the

---

[2] Counsel have not included an additional 1.4 hours spent by other attorneys who assisted in the actions taken.

301934782V1 1001489

Motion for Fees Under Rules 26 and 37 is 4.9 hours at $225 per hour for a total of $1,102.50.

The total amount sought under the Motion is $2,587.50.

Executed at Chicago, IL.

NATIONWIDE CREDIT & COLLECTION, INC.

By:*/s/ Brandon S. Stein*
One of the defendant's attorneys
David M. Schultz
Brandon S. Stein
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000

## **CERTIFICATE OF SERVICE**

I, an attorney, hereby certify that on June 4, 2018, I caused to be electronically filed Defendant's DECLARATION OF BRANDON S. STEIN with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Brandon S. Stein*
Brandon S. Stein
