```
                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION

 VALERIE JACKSON,                        )
                                         )
           Plaintiff,                    )
                                         )
      vs.                                )  No. 17 C 5915
                                         )
 NATIONWIDE CREDIT & COLLECTION, INC.)      Chicago, Illinois
                                         )  May 4, 2018
           Defendant.                    )  9:27 A.M

              TRANSCRIPT OF PROCEEDINGS - Motion
         BEFORE THE HONORABLE CHARLES R. NORGLE, SR.

 APPEARANCES:

 For the Plaintiff:        COMMUNITY LAWYERS GROUP, LTD.
                           73 West Monroe Street
                           Suite 502
                           Chicago, Illinois  60603
                           BY:  MS. CELETHA CHATMAN


 For the Defendant:        HINSHAW & CULBERTSON LLP
                           151 North Franklin Street
                           Suite 2500
                           Chicago, Illinois  60606
                           BY:  MR. BRANDON S. STEIN



                  PAMELA S. WARREN, CSR, RPR
                     Official Court Reporter
                   219 South Dearborn Street
                          Room 2342
                    Chicago, Illinois  60604
                        (312) 408-5100
```

```
 1          (Proceedings had in open court.)
 2          THE CLERK:  17 C 5915, Jackson versus Nationwide
 3   Credit, motion to compel.
 4          MR. STEIN:  Good morning, your Honor.  Brandon Stein
 5   on behalf of the defendant.
 6          THE COURT:  Good morning, counsel.
 7          MS. CHATMAN:  Good morning, your Honor.  Celetha
 8   Chatman on behalf of plaintiff.
 9          THE COURT:  Ordinarily the plaintiff goes first, but
10   we'll excuse that today.
11          How does the matter come before the Court?
12          MR. STEIN:  We're here on our motion to compel, your
13   Honor.
14          THE COURT:  Proceed on the motion.
15          MR. STEIN:  Okay.  We have sought the request for
16   production of documents and retainer agreement between
17   plaintiff and her counsel in this matter.  This case addresses
18   what debts plaintiff was represented on with her counsel.  The
19   claim is that plaintiff sent an attorney -- plaintiff's counsel
20   sent an attorney representation involving specific debts.
21          THE COURT:  So usually it is the scope of the
22   attorney's representation.
23          MR. STEIN:  Exactly.
24          THE COURT:  You may respond.
25          MS. CHATMAN:  Your Honor, that's not the issue.  This
```

```
 1   --
 2            THE COURT:  It certainly is the issue.
 3            MS. CHATMAN:  Well, your Honor, the letter that we
 4   have been disputing telling defendants of the --
 5            THE COURT:  I'm saying the issue is the scope of the
 6   attorney's representation, that's the issue.
 7            MS. CHATMAN:  Well, your Honor, the issue is that they
 8   had knowledge of the representation because that's how --
 9   that's how the --
10            THE COURT:  They had knowledge of the scope?
11            MS. CHATMAN:  Well, they didn't have knowledge of the
12   --
13            THE COURT:  What is the scope?
14            MS. CHATMAN:  The scope would be --
15            THE COURT:  Well, for example, if you say, see my
16   lawyer, and your lawyer does divorce work for you, does that
17   mean that therefore that he is dealing with a debt case?
18            MS. CHATMAN:  Your Honor, but the letter that we sent
19   them told them what we were doing.
20            THE COURT:  All right.  So here is -- this is a motion
21   to compel discovery.  Are you objecting to discovery on the
22   issue?
23            MS. CHATMAN:  Not on the issue, your Honor, on our
24   representation agreement because we don't think it is relevant
25   to any of their claims.  It is not a -- whether or not
```

```
 1  someone --
 2          THE COURT:  The question is to compel discovery.  Do
 3  you object to discovery on the issue?
 4          MS. CHATMAN:  On whether or not our client was
 5  represented by counsel?
 6          THE COURT:  You may reply.
 7          MR. STEIN:  So you hit it exactly on that, the scope
 8  of the representation is the issue.  The letter --
 9          THE COURT:  Well, the principal issue is discovery on
10  the issue.
11          MR. STEIN:  Yes, exactly.
12          THE COURT:  The Court has defined the issue --
13          MR. STEIN:  Yes.
14          THE COURT:  -- in agreement with you.  So the issue is
15  discovery on the issue.
16          MR. STEIN:  It is relevant to the case.
17          THE COURT:  Yes.
18          MR. STEIN:  Plaintiff's claims has put the question of
19  attorney representation at issue.  Our defense --
20          THE COURT:  So one of the things you're looking for is
21  whatever would support the attorney-client relationship.  For
22  example, that Ms. Jackson signed an agreement with her attorney
23  regarding representation.
24          MR. STEIN:  Yeah.  And that representation agreement
25  may or may not state exactly what that she's represented on.
```

```
 1               THE COURT:  Well, what you want to know is if there
 2   was one.
 3               MR. STEIN:  Exactly.
 4               THE COURT:  If there was one in writing.
 5               MR. STEIN:  Well, I'm quite certain --
 6               THE COURT:  Has Jackson been deposed?
 7               MR. STEIN:  I'm quite certain there is one.
 8          She has not been deposed in this case, but in another
 9   case she was deposed and she indicated that she did sign an
10   agreement.
11               THE COURT:  Well, this case was filed in 2017.  We're
12   into May 2018.  How is it the plaintiff has not been deposed?
13               MR. STEIN:  Well, we had sought to depose her in early
14   April.  Plaintiff requested a discovery extension.  Her
15   responses, we needed to get those before we deposed her.
16               THE COURT:  All right.  There is a limited issue
17   before the Court today, and that is the motion to compel
18   discovery.  And over objection the motion to compel discovery
19   on this limited issue is granted.
20          Thank you, counsel.
21               MR. STEIN:  Thank you.
22          Judge, I'll just ask if there is a timeline for
23   disclosures just so we're, you know, all -- we got all our
24   ducks in a row.
25               THE COURT:  Well, it shouldn't take too long.  Let's
```

```
 1   say 21 days.
 2           MR. STEIN:  I would just ask -- the plaintiff's
 3   deposition is scheduled 14 days from today.  Ideally I'd like
 4   to question her about it.
 5           THE COURT:  All right.  Then the discoverable
 6   materials, whatever it may be, should be produced prior to the
 7   taking of the deposition of Jackson.
 8           MR. STEIN:  Thank you.
 9           THE COURT:  Thank you, counsel.
10        (Which concluded the proceedings:)
11                           CERTIFICATE
12           I HEREBY CERTIFY that the foregoing is a true, correct
13   and complete transcript of the proceedings had at the hearing
14   of the aforementioned cause on the day and date hereof.
15
16   /s/Pamela S. Warren                      May 25, 2018
     Official Court Reporter                      Date
17   United States District Court
     Northern District of Illinois
18   Eastern Division
19
20
21
22
23
24
25
```