IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:17-cv-5915 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| NATIONWIDE CREDIT & COLLECTION INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion for Sanctions [46] is granted in part and denied in part. Plaintiff's Counsel is ordered to pay Defendant its attorneys' fees and costs in the amount of $1,485.00.

## DISCUSSION

Plaintiff Valerie Jackson ("Plaintiff") brings the instant action against Defendant Nationwide Credit & Collection, Inc. ("NCC" or "Defendant") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/9 ("ICAA"). Before the Court is Defendant's motion for sanctions. For the following reasons, that motion is granted.

On February 16, 2018, Defendant served its discovery requests on Plaintiff. Plaintiff objected to Defendant's request to produce Plaintiff's retainer agreement with her Counsel, Plaintiff did not inform Defendant that no such document existed. On April 23, 2018, the parties conducted a Rule 37 conference where Plaintiff again objected to the production of the retainer agreement and again made no mention that there was no retainer agreement to produce. On May 2, 2018, Defendant filed its Motion to Compel Plaintiff's retainer agreement. On May 4, 2018, the Court granted that motion, over Plaintiff's objection, and ordered Plaintiff to produce the retainer agreement before Plaintiff's deposition. After the May 4, 2018 Hearing and before Plaintiff's deposition, Plaintiff created a retainer agreement and turned it to Defendant two hours before Plaintiff's deposition. At her deposition, Plaintiff testified that she initialed and signed the retainer agreement the week before the deposition. Pl.'s Dep. at 51:6-11. Defendant argues that it would not have incurred attorneys' fees for the motion to compel a document that did not exist if it had known the same.

The Federal Rules of Civil Procedure and the inherent authority of the courts to manage their own matters provide authority to sanction a litigant who fails to abide by its discovery obligations. Fed. R. Civ. P. 37; Chambers v. NASCO, Inc., 501 U.S. 32, 43, (1991) (the Court as an inherent authority to "govern[] not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). As the court in Gaytan v. Kapus explained:

> "The federal courts' supervision of the discovery process, and the courts' concomitant authority to upbraid those who do not play by the rules, is rooted in the need for maintaining the integrity of the trial process. Hence the impetus behind a court's deployment of sanctions is not merely to punish a party for untoward acts or omissions; it is, equally, to deter other litigants from disregarding the imperatives of the Civil Rules."

181 F.R.D. 573, 580 (N.D. Ill. 1998) (quoting Thibeault v. Square D. Co., 960 F.2d 239, 245 (1st Cir. 1992)).

Here, Plaintiff has not been forthcoming with Defendant, nor candid with the Court. The scope of Plaintiff's Counsel's representation is central to her claims against Defendant. There were several opportunities for Plaintiff to inform Defendant that the document it sought, Plaintiff's retainer agreement, did not exist. Rather than reveal that there was no retainer agreement, Plaintiff repeatedly objected to turning the document over. Plaintiff's objections resulted in a Rule 37 conference and Defendant's subsequent motion to compel. At the May 4, 2018 Hearing on the motion to compel, the Court asked Plaintiff's Counsel if she was objecting to discovery on the scope of Plaintiff's representation of counsel. Dkt. 62 at 3:20-22. Plaintiff's Counsel said that she was not objecting to scope; rather, she was objecting to turning over "our representation agreement because we don't think it is relevant to any of their claims." Id. at 3:23-25. However, at the time Plaintiff's Counsel made that statement to the Court, there was still no existing retainer agreement with Plaintiff. Pl.'s Dep. at 51:6-11. Cleveland Hair Clinic, Inc v. Puig, 200 F.3d 1063, 1067 (7th Cir. 2000) ("A lawyer's duty of candor to the court must always prevail in any conflict with the duty of zealous advocacy"). Relying on the representations made by Plaintiff and Defendant, the Court ordered Plaintiff to turnover a document that did not exist. At a later date Plaintiff created the document, turned it over to Defendant and now argues no harm no foul. However, Plaintiff's subsequent conduct to the May 4, 2018 Hearing does not pardon her prior obfuscation regarding the existence of the retainer agreement. Plaintiff's unnecessary obfuscation caused Defendant to file a motion to compel for a nonexistent document and resulted in unnecessary delay and needless increase in the cost of litigation. Fed. R. Civ. P. 26(g)(1)(B)(ii). Plaintiff's conduct violated the spirit of complete, non-evasive discovery embodied in the Federal Rules.

Accordingly, the Court orders Plaintiff's Counsel to pay Defendant for the fees and costs associated with seeking Plaintiff's retainer agreement in the amount of $1,485.00.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 23, 2019